## TORNGA *v.* MICHIGAN GAS & ELECTRIC COMPANY.

1. CORPORATIONS—SHAREHOLDERS—JOINT OWNERSHIP OF SHARES.
   Plaintiff joint owner of corporation shares with his wife *held*, a shareholder entitled to inspect stock ledger, even though joint action is required by both husband and wife to take any affirmative action regarding the stock.

2. SAME—CUSTODIAN WITHOUT BENEFICIAL INTEREST—INSPECTION OF STOCK LEDGER.
   Plaintiff, alleged to be mere custodian without any beneficial interest in shares of stock listed in his name *held*, a shareholder entitled to examine the books, where such status exists under statute expressly according person such right if listed on the original or duplicate stock ledger (CLS 1961, § 450.35, as amended; CL 1948, § 450.45).

Appeal from St. Joseph; Andrews (Mark S.), J. Submitted Division 3 June 28, 1966, at Grand Rapids. (Docket No. 2,342.) Decided August 8, 1966. Opinion filed September 13, 1966. Application for leave to appeal withdrawn per stipulation October 4, 1967.

Complaint by Herman Tornga for writ of mandamus to compel Michigan Gas & Electric Company, a Michigan corporation, to make available to plaintiff Tornga a list containing names and addresses of all shareholders of defendant company, and the number of shares held by each. Writ granted. Defendant appeals. Remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 18 Am Jur 2d, Corporations § 182.

*Dresser & Dresser (Miller, Canfield, Paddock & Stone* and *Peter P. Thurber,* of counsel), for plaintiff.

*Badgley, Domke, Morrison, McVicker & Marcoux (Maxwell F. Badgley,* of counsel), for defendant.

PER CURIAM. Plaintiff-appellee made a written demand for inspection of defendant-appellant's corporate books, pursuant to section 45 of the general corporation act, CL 1948, § 450.45 (Stat Ann 1963 Rev § 21.45). Appellant refused the request and appellee filed a mandamus action in St. Joseph county circuit court.

The trial court granted a judgment of mandamus requiring appellant to produce and make available to appellee for inspection and copying, a list (or the original or duplicate stock ledgers in the event the company has no such list) containing the names and addresses of all shareholders of the appellant company, and the number of shares held by them respectively.

Appellant contends the appellee is not entitled to inspect such list, as he has not been a shareholder for the required 3-month period, but was a joint owner of said shares with his wife, Frances Tornga. Appellant relies on *In Re Giant Portland Cement Co.* (1941), 26 Del Ch 32 (21 A 2d 697), which held that a proxy, to vote stock held jointly between husband and wife, must be signed by both the husband and wife. As stated by the Court. (p 46):

"Both husband and wife, but neither of them alone, were stockholders in and members of the defendant corporation. Both were entitled to exercise and enjoy jointly, but not otherwise, all of the usual rights and powers incident to stock ownership, including the right to vote such stock in person or by proxy."

It is true that joint action is required by both husband and wife to take any affirmative action regarding the stock. However, appellant ignores the statement, "Both husband and wife  *   *   * were stockholders." To continue the fiction that a husband and wife are one, in the present situation, serves no useful purpose. The statute uses the term "shareholder" and the name of Herman Tornga was listed on the corporate books with his wife. He was a shareholder.

Appellant further contends the appellee does not have any beneficial interest in 4,151 shares of stock listed in his name, but is a mere custodian, holding said stock for the express purpose of making the demand for inspection and, therefore, does not qualify as a shareholder holding the necessary 2% of the outstanding capital stock.*

Section 35 of the general corporation act, CLS 1961, § 450.35, as amended by PA 1962, No 169 (Stat Ann 1963 Rev § 21.35) states:

"The original or duplicate stock ledger or a list shall be the only evidence as to who are shareholders entitled to examine such list or the books of the corporation."

The statute expressly states persons listed on the original or duplicate stock ledger are entitled to examine the books. Herman Tornga was listed as record title holder to the necessary shares of stock to make a demand for inspection.

It has been brought to the Court's attention that Tornga may have disposed of his stock subsequent to the hearing. Therefore, the case is remanded to the circuit court for additional testimony.

---

* There are 204,362 outstanding shares in the corporation. Appellee owns 71 shares in his own name and holds an additional 4,151 shares as custodian.

If plaintiff is still record title holder to said stock, the trial court shall dispose of this case in conformance with this opinion.

BURNS, P. J., and FITZGERALD and HOLBROOK, JJ., concurred.